966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Marcus BRYANT; Dewayne McWhirter, Plaintiffs
Harold ROBERTS, Plaintiff Appellant,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction,
individually and in his official capacity; Willis H.
Sargent, Warden, Cummins Unit, Individually and in his
official capacity, Defendants Appellees.
 No. 91-3310EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 27, 1992.
Filed: June 5, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Roberts, an Arkansas prisoner, appeals the district court's order denying his motion for a preliminary injunction in this 42 U.S.C. § 1983 lawsuit. We affirm.
 
 
 2
 Roberts brought this section 1983 lawsuit against the appellees, two Arkansas prison officials, asserting they are violating his First and Fourteenth Amendment right to exercise his religious beliefs. Roberts is a member of a religious group calling itself the Christian Identity Faith (CIF). Roberts contends the appellees prohibit CIF congregational services and deny visitation privileges to CIF ministers because of the group's white-supremacy views. The district court granted summary judgment in the appellees' favor, but we reversed and remanded for an evidentiary hearing.
 
 
 3
 Before the district court could hold an evidentiary hearing, Roberts filed this motion for a preliminary injunction to require the appellees to place him in protective custody, give him access to legal materials necessary to pursue his claim, and allow CIF religious advisors to visit inmates and conduct religious ceremonies. In support of his motion, Roberts submitted an affidavit in which he reasserts his freedom of religion claim, and further states the appellees have placed him in prison units and barracks where he cannot pursue his "legal work" and where he is subject to verbal and physical abuse by black inmates and guards.
 
 
 4
 Whether a district court should grant preliminary injunctive relief "involves a consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on [the opposing party]; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Having reviewed the record in light of these factors, we conclude the district court did not abuse its discretion in denying Roberts's motion for a preliminary injunction. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc). In our view, Roberts's contention that the appellees are continuing to deny him his constitutional right to practice his religious beliefs does not raise the sort of irreparable injury requiring preliminary injunctive relief. Since Roberts filed his motion for a preliminary injunction, the district court has conducted an evidentiary hearing on the merits of Roberts's freedom of religion claim. The district court will issue its decision in the near future. Thus, if Roberts is entitled to relief, that relief will be forthcoming shortly. Moreover, the likelihood of Roberts succeeding on the merits of his freedom of religion claim is uncertain at best. See Blair-Bey v. Nix, No. 91-3397, slip op. at 2-4 (8th Cir. Apr. 27, 1992).
 
 
 5
 Roberts's assertion that he is subject to abuse by black inmates and guards because of his white-supremacy views is also insufficient to merit preliminary injunctive relief. As a threshold matter, this claim is not part of Roberts's underlying section 1983 lawsuit and, thus, is not a proper basis for preliminary injunctive relief. In any event, Roberts has failed to cite any specific incidents of verbal or physical attacks made against him, and Roberts has not shown the appellees are disregarding a legitimate concern for his safety. Without a serious and realistic threat to Roberts's immediate safety, we are hesitant to use a preliminary injunction to second-guess the appellees' judgment about which unit or barracks to assign Roberts.
 
 
 6
 Finally, Roberts bare assertion that he has been denied access to legal materials necessary to carry out his legal work is insufficient to support his motion for preliminary injunctive relief.
 
 
 7
 We affirm the district court's order denying Roberts's motion for a preliminary injunction.